# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VISHAL LAMBA,<br><br>        Plaintiff,<br><br>v.<br><br>ASML US, L.P., et al.,<br><br>        Defendants. | Case No. 23-cv-01833-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 13] |

Plaintiff Vishal Lamba ("Lamba") has filed suit against Defendants ASML, a corporation, and Shannon Hildreth ("Hildreth"), an individual, (collectively the "Defendants") asserting claims for breach of contract, negligence, breach of fiduciary duty, and restitution based on unjust enrichment. ECF No. 1-1 ("Compl.") ¶¶ 27-43. Before the Court is Hildreth's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 13. Plaintiff has not opposed the motion, and the time for doing so has expired. The Court finds the motion to dismiss suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for September 14, 2023. *See* ECF No. 13. For the following reasons, Hildreth's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

Lamba is an individual who works for ASML as Senior Production Engineer at their Richmond facility. Compl. ¶ 6. Hildreth is an individual who works for ASML as the Human Resources ("HR") Business Partner. Compl. ¶ 9.

ASML hired Lamba in 2006, and in 2008 offered him 350 Stock Options. Compl. ¶¶ 6, 8. ASML required Lamba to remain employed there until July 17, 2011, for the stock options to vest. Compl. ¶ 8. On or about October of 2010, Lamba's manager informed him that the stock options

1     would be cancelled because ASML was selling its Richmond facility to Zygo corporation.  Compl.

2     ¶ 10.  Further, Lamba received a UBS statement dated January 12, 2011, which indicated that 350

3     stock options were in "FORFEITURE" and Lamba's stock options were reduced to zero.  Compl.

4     ¶ 11.  Lamba alleges that based on this information, he believed the stock options issued to him in

5     2008 were cancelled and that new stock options would be issued in 2011.  Compl. ¶ 11.  However,

6     ASML reinstated the stock options with the 2008 origination year instead of re-issuing them in

7     2011.  Compl. ¶ 11.

8     Lamba continued to work for ASML/Zygo until December 2019 with the belief that his

9     stock options were reissued in 2011 and would expire in 2021.  Compl. ¶¶ 17, 18.  On or about

10    January of 2021, Lamba contacted EQUATEX, which had replaced UBS as the plan provider, to

11    exercise his stock options, but the options were not available.  Compl. ¶¶ 18, 19.  Upon contacting

12    the Stock Administration personnel of ASML, Lamba learned that his stock options had expired in

13    2018.  Compl. ¶ 19.  Lamba alleges that he has been harmed due to ASML and ASML's agents'

14    improper and inadequate communications regarding the expiration date of his stock options,

15    causing him to miss the exercise date and lose their value.  Compl. ¶¶ 23-26.

16    On or about June 8, 2022, Lamba filed an action against ASML, Hildreth, and other

17    unknown defendants in the Superior Court of California, County of Santa Clara, for (1) breach of

18    contract, (2) negligence, (3) breach of fiduciary duty, and (4) restitution based on unjust

19    enrichment.  Notice of Removal, ECF No. 1 ("NOR") ¶ 1; Compl. ¶¶ 27-43.  He alleges that each

20    of the defendants is the agent and employee of each of the remaining defendants and was acting

21    within the scope of such agency and employment when doing the things alleged.  Compl. ¶ 26.

22    Lamba requests $234,906.00 in damages.  Compl. ¶ 43.

23    Defendants removed the action to federal district court based on diversity of citizenship.

24    NOR ¶ 9.  Hildreth now seeks dismissal as to himself of all four claims under Federal Rule of

25    Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  *See* ECF

26    No. 13 ("MTD").  Lamba did not file an opposition to the motion to dismiss.  Hildreth filed a

27    reply.  *See* ECF No. 17 ("Reply").

28

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  But the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### B. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the

1  opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to
2  one of the other factors may warrant denial of leave to amend. *Id.*

3  **III.   DISCUSSION**

4        Hildreth first argues that all four claims should be dismissed as to him because the
5  Complaint fails to make any actionable allegations against him, and Plaintiff fails to identify
6  which of the claims are being made against Hildreth. MTD at 4-6. Hildreth notes that "the
7  Complaint does not make specific allegations against Hildreth under any of the four causes of
8  action." MTD at 5. Hildreth then argues the merits of each claim. MTD at 6-10. The Court will
9  address each claim in turn.

10        **A.   Breach of Contract**

11  Lamba's first cause of action is for breach of contract. Compl. ¶¶ 28, 29. Hildreth argues
12  that the Complaint does not articulate whether this claim is brought against him. MTD at 4. He
13  also argues that even inferring Hildreth as the subject of the breach of contract claim, the
14  Complaint fails to plead facts that state a plausible claim for relief. MTD at 6-7. The Court
15  agrees.

16  The elements of a claim for breach of contract under California law are: "(1) the existence
17  of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach,
18  and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811,
19  821 (2011). To plead the existence of a contract, a plaintiff must allege facts showing: "(1) parties
20  capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or
21  consideration." *Bernstein v. Vocus, Inc.*, No. 14-CV-01561-THE, 2014 WL 3673307 (N.D. Cal.
22  July 23, 2014) (quoting Cal. Civ. Code § 1550).

23  Lamba alleges that he had a contractual relationship with ASML due to their
24  employer/employee relationship. Compl. ¶ 28. He alleges that ASML breached this contract by
25  cancelling the stock options, failing to re-issue them "as promised," and failing to properly
26  communicate with Lamba about the stock option expiration dates. Compl. ¶ 29. In the breach of
27  contract claim, Lamba does not include any allegations as to Hildreth. *See* Compl. ¶¶ 28, 29.
28  Lamba's allegation that "each of the defendants is the agent and employee of each of the

4

1 remaining defendants and was acting within the scope of such agency and employment when
2 doing the things alleged," *see* Compl. ¶ 26, is insufficient to state a breach of contract claim
3 against Hildreth. Thus, the first element of a breach of contract claim, the existence of a contract,
4 is not satisfied as to Hildreth. *See Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938,
5 960 (N.D. Cal. 2015) ("To state a claim for breach of contract under California law, a plaintiff
6 must allege (1) the existence of a contract . . . ."); *Castro v. JPMorgan Chase Bank, N.A.*, No. 14-
7 CV-01539 NC, 2014 WL 2959509, at *1-2 (N.D. Cal. June 30, 2014) (granting defendant's
8 motion to dismiss because plaintiff had not alleged sufficient facts supporting the existence of a
9 contract).

The Court agrees that there are no facts alleging the existence of a contract between Lamba and Hildreth. Accordingly, the first element of a breach of contract claim is not met and the claim must be dismissed. Hildreth's motion to dismiss Lamba's breach of contract claim is GRANTED. Because Lamba has not yet had an opportunity to amend this claim, the Court will dismiss WITH LEAVE TO AMEND.

**B.  Negligence**

The second cause of action asserts a negligence claim. Compl. ¶¶ 32-35. Hildreth argues that Plaintiff has not alleged this claim as to Hildreth. MTD at 4. He also argues that a tort claim is inappropriate here and that Plaintiff has not identified a legal duty owed by Hildreth to Plaintiff. MTD at 7-8.

Under California law, a plaintiff must allege the following elements to state a claim for negligence: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014) (quoting *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 62 (2013)).

Here, Lamba alleges that ASML owed a duty of care to him because of their employer-employee relationship. Compl. ¶ 33. He asserts this duty required ASML to properly administer the stock options and properly communicate all material information to Lamba. Compl. ¶ 35. ASML allegedly breached that duty both by miscommunicating to Lamba and "negligently and/or

5

1    intentionally misrepresent[ing] material facts regarding the stock options," causing Lamba to lose
2    the entire value of the stock options. Compl. ¶ 34. But Lamba fails to state a plausible negligence
3    claim against Hildreth.

4        Hildreth argues that Plaintiff has not identified any legal duty that would require an HR
5    employee to communicate specific information to company stockholders. MTD at 7. Hildreth
6    further argues that Plaintiff also has not alleged that Hildreth undertook a duty by providing
7    Plaintiff with false or misleading information. *Id.* In the Complaint, Plaintiff alleges that Hildreth
8    "did not provide any information regarding ASML's cancelation of Plaintiff's stock options or
9    related activities." Compl. ¶ 10. He further alleges that "Hildreth acted as an agent for ASML and
10   Zygo corporation, and had duty [sic] to communicate with Plaintiff, but failed to communicate
11   with Plaintiff regarding the changes made to Plaintiff's stock options." Compl. ¶ 10. These
12   conclusory allegations by Plaintiff are insufficient to plausibly allege that Hildreth, an HR
13   employee, owed a duty to Plaintiff. Hildreth did not owe Lamba a duty of care and the negligence
14   claim cannot stand against him.

15       Hildreth's motion to dismiss Lamba's negligence claim is GRANTED. Because Lamba
16   has not yet had an opportunity to amend this claim, the Court will dismiss WITH LEAVE TO
17   AMEND.

18       **C.**     **Breach of Fiduciary Duty**

19       Lamba alleges a breach of fiduciary duty under the third cause of action. Compl. ¶¶ 36-39.
20   As above, Hildreth argues that the Complaint does not articulate whether this claim applies to
21   Hildreth. MTD at 4. But even inferring this claim is alleged as to Hildreth, he argues that the
22   claim fails because he did not have a fiduciary relationship with Plaintiff. MTD at 8-9. The Court
23   agrees.

24       Under California law, "[t]o establish a breach of fiduciary duty, a plaintiff must show '(1)
25   existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused
26   by the breach.'" *Second Measure, Inc. v. Kim*, 143 F. Supp. 3d 961, 979 (N.D. Cal. 2015)
27   (quoting *People ex rel. Harris v. Rizzo*, 214 Cal. App. 4th 921, 950 (2013)). Before one can be
28   charged with a fiduciary obligation, "that person must (1) knowingly undertake to act on behalf

6

1     and for the benefit of another; or (2) enter into a relationship which imposes that undertaking as a
2     matter of law." *Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1178 (N.D. Cal. 2021).
3     Hildreth argues that this standard has not been met. MTD at 8-9.
4           Lamba alleges that ASML was acting as a fiduciary of Lamba. *See* Compl. ¶ 37. But, as
5     Hildreth notes, Lamba does not allege a fiduciary relationship between Hildreth and himself. *See*
6     MTD at 8; Compl. And further, the standard from *Cork* is clearly not met. Hildreth did not
7     knowingly undertake responsibilities regarding Lamba's stock options. Instead, ASML had a
8     Stock Administration department and used third-party stock plan servicers, UBS and Equatex.
9     Compl. ¶¶ 19-21. Nor did Hildreth and Lamba enter into a relationship that gives rise to a
10    fiduciary duty as a matter of law. *See Oakland Raiders v. Nat'l Football League*, 131 Cal. App.
11    4th 621, 632 (2005) (identifying "certain technical, legal relationships" in which fiduciary duties
12    arise). As Hildreth argues, Lamba points to no authority suggesting a fiduciary relationship exists
13    between a HR employee and an employee stockholder. *See* MTD at 9. Accordingly, the first
14    element of a breach of fiduciary duty claim, existence of a fiduciary duty, is not met and the claim
15    must be dismissed.
16          Hildreth's motion to dismiss Lamba's breach of fiduciary duty claim is GRANTED.
17    Because Lamba has not yet had an opportunity to amend this claim, the Court will dismiss WITH
18    LEAVE TO AMEND.
19          **D.**    **Unjust Enrichment**
20          Lamba's fourth cause of action is for restitution based on unjust enrichment. Compl. ¶¶
21    40-43. Again, Hildreth argues that the Complaint does not specify that this claim applies to
22    Hildreth. MTD at 4. But even if it did, Hildreth asserts that the Complaint fails to plead facts that
23    state a plausible claim for relief based on unjust enrichment. MTD at 9-10. Specifically, Hildreth
24    argues that the claim must be dismissed because (1) the Stock Agreements govern Plaintiff's
25    alleged rights to his stock options and (2) Lamba has not alleged Hildreth received any benefit
26    from Lamba's failure to exercise his stock options. MTD at 10.
27          While there is no standalone cause of action for restitution or unjust enrichment in
28    California, "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action

as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC V. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)); *see also Bryan v. Del Monte Foods, Inc.*, No. 23-cv-00865-MMC, 2023 WL 4758452, at *8 (N.D. Cal. July 25, 2023) ("Although [the defendant] is correct that 'unjust enrichment' itself is 'not a cause of action,' the Ninth Circuit has recognized that 'when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution[.]'" (citations omitted)). Under California law, "[t]he elements of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Cont'l Cas. Co. v. Enodis Corp.*, 417 F. App'x 668, 670 (9th Cir. 2011) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 91 Cal.Rptr.2d 881, 883 (2000)).

Here, Lamba alleges that "ASML was unjustly enriched at the expense of Plaintiff in the sum of no less than $234,906.00." Compl. ¶ 43. Plaintiff includes no allegations that Hildreth was unjustly enriched. The claim against him therefore cannot stand. *See Harmon v. Hilton Grp.*, No. C-11-03677 JCS, 2011 WL 5914004, at *12 (N.D. Cal. Nov. 28, 2011), *aff'd sub nom. Harmon v. Hilton Grp.*, *PLC*, 554 F. App'x 634 (9th Cir. 2014) (granting defendant's motion to dismiss a claim for unjust enrichment because defendant did not receive a benefit).

Accordingly, Hildreth's motion to dismiss Lamba's claim for restitution based on unjust enrichment is GRANTED. Because Lamba has not yet had an opportunity to amend this claim, the Court will dismiss WITH LEAVE TO AMEND.

//
//
//
//
//
//
//
//
//

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Hildreth's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

Plaintiff SHALL file an amended complaint within 14 days of this order. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified on the record or in this order will result in a dismissal of the deficient claims with prejudice. Plaintiff's amendments shall not exceed the scope allowed by the Court in this order.

Dated: July 31, 2023

_____
BETH LABSON FREEMAN
United States District Judge